UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS LAMAR FORD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:13-CV-1058 CAS ) ) |
| DELTA AIRLINES, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Delta Airlines' motion for partial dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion. For the following reasons, defendant's motion will be granted.

**Background**

Plaintiff, a former employee of Delta Airlines ("Delta"), filed the instant *pro se* employment discrimination case against Delta pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., alleging that he was subjected to discrimination based on his race and that his termination was retaliatory. Plaintiff seeks compensatory and punitive damages.

On July 31, 2012, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Delta, alleging a single claim for retaliation under Title VII. In the EEOC charge, he alleged that he was suspended without pay pending an investigation into an accusation of wrongdoing. He stated that he was falsely accused of the wrongdoing and his suspension was actually in retaliation for a complaint of race discrimination and hostile work environment he had made on June 29, 2012. (Compl., Ex. 1). On August 15, 2012, plaintiff amended his charge to allege that he had been fired at the conclusion of the investigation.

On June 4, 2013, after receiving his right to sue letter, plaintiff filed this action. In paragraph 1 of his complaint, he alleges only a claim of retaliation. In paragraphs 10 and 11, however, he claims he was terminated on the bases of race and retaliation. To the extent he is claiming race discrimination, Delta moves to dismiss the claim for failure to exhaust his administrative remedies. Delta states that plaintiff did not make any allegation of race discrimination before the EEOC.

**Legal Standard**

On a motion to dismiss, the Court accepts as true the factual allegations contained in the complaint and grants the plaintiff the benefit of all reasonable inferences that can be drawn from those allegations. See Lustgraaf v. Behrens, 619 F.3d 867, 872-73 (8th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**Discussion**

Title VII requires claimants to timely file a discrimination charge with the EEOC before he or she may bring a Title VII action in court. 42 U.S.C. § 2000e-5(e)(1). As the Eighth Circuit has recognized, "'[e]xhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts.'" Duncan v. Delta Consolidated Indus., Inc., 371 F.3d 1020, 1024 (8th Cir. 2004) (quoting Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996)), *abrogated on other grounds by*

Torgerson v. City of Rochester, 643 F.3d 1031 (8th Cir. 2011) (en banc). Although the Eighth Circuit does not require that subsequently-filed lawsuits mirror the administrative charges, "the sweep of any subsequent judicial complaint may be [only] as broad as the scope of the EEOC investigation which could reasonably be expected to grow out of the charge of discrimination." Duncan, 371 F.3d at 1025 (internal quotations and citations omitted). "To determine whether an allegedly discriminatory action falls within the scope of a claim, the administrative complaint must be construed liberally in order to further the remedial purposes of applicable legislation." Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 838 (8th Cir. 2002). Claims of discrimination raised in a judicial complaint that were not previously raised in an EEOC charge, or are not "like or reasonably related to" such EEOC claims, are deemed not to be exhausted and are thus barred from judicial review. Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994).

Plaintiff filed a discrimination charge with the EEOC on July 31, 2012, using the standard EEOC charge form. The form instructs complainants to check the appropriate boxes for the alleged cause of discrimination. Plaintiff checked the box for "retaliation." Although a box is provided on the form for "race," plaintiff did not check this box on either his original charge of discrimination or on his amended charge of discrimination. In the space provided for "particulars," plaintiff described the allegedly retaliatory conduct:

> I. I was hired by the above named employer on January 10, 2005. My last position title was Customer Service Agent.
>
> II. On June 29, 2012, I filed a racial discrimination and hostile work environment complaint. On July 17, 2012 Brian SanSouci, HR Generalist, and Connie Mudd, Station Manager falsely accused me of posing as a Supervisor and giving a reference for another employee to another airline. I was suspended without pay, pending an investigation.

> III.    I believe that I was falsely accused and suspended out of retaliation for my protected complaint. This is in violation of Title VII of the Civil Rights Act of 1964.

Compl., Ex. 1.[1]

In his judicial complaint filed in this Court, plaintiff states in paragraph 1 that this employment lawsuit is based on "retaliation." In paragraph 11, however, plaintiff states that he was discriminated against because of race and in retaliation for his complaints of hostile work environment. He details this alleged racial discrimination in paragraph 12 of his complaint. He describes an incident in which he was working as instructed "building STLPROT reservations and releasing them as need be," and was suspended for this activity. He alleges that this suspension (and attempted termination) was "racially motivated" or retaliatory. In paragraph 14, plaintiff states that Delta's treatment of employees of color was different from its treatment of Caucasian employees. (Compl. at ¶¶ 1, 11-12, 14).

The question before the Court is whether the allegations in plaintiff's complaint that he was racially discriminated against are like or reasonably related to the substance of the allegations in his EEOC charge of discrimination. Having carefully reviewed plaintiff's EEOC charge, the Court finds the plaintiff did not include information in his charge concerning the purported racial discrimination. He did not check the box indicating that he was being discriminated against on the basis of his race, nor did he indicate in his typewritten narrative that he believed he was being discriminated against as a result of his race. Other than to say he was retaliated against for filing a

---

[1] The "particulars" on the amended charge of discrimination are identical to the original charge of discrimination, except the following sentence was added to paragraph II: "On August 1, 2012 Ms. Mudd informed me that the results of the investigation recommended termination and as such I was terminated." Plaintiff also added in paragraph III that he was "terminated" out of retaliation for his protected complaint. (Compl., Ex. 1).

racial discrimination complaint, the charge does not mention any alleged racial discriminatory conduct. It certainly does not mention plaintiff's suspension after the "STLPROT reservation" incident or his belief that employees of color were treated differently from Caucasian employees.

The Court finds that plaintiff's claim of racial discrimination in his judicial complaint is separate and distinct from his EEOC charge of retaliation. Although plaintiff asserted in the charge that the protected activity for which he was allegedly retaliated against was based on a previous complaint of race discrimination, plaintiff made no allegations indicative of race discrimination in his EEOC charge. See, e.g., Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 222 (8th Cir. 1994) (noting that plaintiff's EEOC charge left the "race" box empty and failed to "allege any facts in the narrative section of her charge which raise the issue of race discrimination"); Duncan, 371 F.3d at 1025 (noting plaintiff's EEOC charge left the "sex" box empty and "charges of sexual harassment generally are not like or reasonably related to retaliation charges for complaining about antecedent harassment"). Plaintiff presents no argument or evidence to the Court demonstrating that his current claim of race discrimination is like or reasonably related to any claim raised in his EEOC charge of discrimination such that the claim should be considered exhausted. Also, plaintiff has not presented the Court with any argument or evidence demonstrating that either waiver, estoppel or equitable tolling applies so as to excuse his failure to administratively exhaust the claims.

As such, the Court finds that plaintiff's allegations of race discrimination are unexhausted, and defendant's motion to dismiss this claim for failure to exhaust administrative remedies will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Delta Airlines' motion for partial dismissal is **GRANTED**. [Doc. 7]

**IT IS FURTHER ORDERED** that plaintiff's claim of race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, is **DISMISSED**.

An appropriate Order of Partial Dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  15th   day of October, 2013.