UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS LAMAR FORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-1058 CAS |
| | ) | |
| DELTA AIRLINES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on pro se plaintiff Douglas Lamar Ford's motion for leave to proceed in forma pauperis and motion to appoint counsel. This is an action alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII"). For the following reasons, the Court will grant plaintiff's motion to proceed in forma pauperis and deny without prejudice plaintiff's motion for appointment of counsel. Additionally, the Court will stay the court-ordered referral to Alternative Dispute Resolution until after the Court has had the opportunity to resolve defendant's pending motion for judgment on the pleadings.

Motion for Leave to Proceed In Forma Pauperis

Although plaintiff paid the initial filing fee, he has filed a motion to for leave to proceed in forma pauperis. The Court has examined the CJA Form 23 Financial Affidavit submitted by plaintiff and finds that plaintiff qualifies for in forma pauperis status. Because plaintiff has already paid the filing fee in this case, the motion is moot with respect to proceeding in this action without prepayment of costs. The Court will grant the motion, however, because it may be relevant to service of process, future filings, or to any appeal.

Motion for Appointment Of Counsel

Additionally, plaintiff has filed a second motion for appointment of counsel. On August 13, 2013, the Court denied without prejudice plaintiff's first motion for appointment of counsel. Three factors are generally considered relevant in evaluating a motion for appointment of counsel in a Title VII case: (1) the plaintiff's in forma pauperis status; (2) the plaintiff's good faith efforts to secure counsel; and (3) whether plaintiff has established a prima facie claim of discrimination in the pleadings. See Slaughter v. City of Maplewood, 731 F.2d 587, 590 (8th Cir. 1984); Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004-05 (8th Cir. 1984). The Court then attempts to evaluate the plaintiff's capacity to present the case adequately without aid of counsel. See In re Lane, 801 F.2d at 1043.

Plaintiff has been granted in forma pauperis status. Although he does not detail his good faith efforts to secure counsel in his motion, the Court does not find this factor determinative. The Court notes that on the same day that plaintiff filed the instant motion to appoint counsel, defendant filed a motion for judgment on the pleadings. In its motion, defendant states that plaintiff filed for bankruptcy and was discharged from his debt, but never disclosed to the Bankruptcy Court his claims against defendant. As a result, defendant states that the Court does not have standing to adjudicate plaintiff's employment discrimination claims and plaintiff is judicially estopped from pursuing them. Defendant attaches to its motion plaintiff's voluntary petition for bankruptcy and the discharge of debtor. See Docs. 17-1, 17-2.

Plaintiff's response to defendant's motion for judgment on the pleadings is due January 24, 2014. The dispositive motion is not factually or legally complex. The Court finds that plaintiff's response to the motion does not require assistance of counsel. Because the motion might resolve

2

this case, obviating the need to address the merits of plaintiff's Title VII claims, in the interest of judicial economy, the Court will deny without prejudice plaintiff's motion for appointment of counsel. Plaintiff may refile his motion, if necessary, after the Court has had the opportunity to resolve defendant's motion for judgment on the pleadings.

Additionally, the Court notes that this case was tentatively scheduled for referral to court-ordered alternative dispute resolution ("ADR") on January 15, 2014. Because defendant's motion for judgment on the pleadings might be dispositive of issues in this case, the Court finds that referral to ADR at this point would not be productive. The Court will not issue an Order Referring Case to ADR until after it has resolved defendant's pending motion for judgment on the pleadings.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. [Doc. 18]

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**. [Doc. 20]

**IT IS FURTHER ORDERED** that the Court will **stay** the issuance of an Order Referring the Case to Alternative Dispute Resolution until after it has had the opportunity to resolve defendant's pending motion for judgment on the pleadings.

**IT IS FURTHER ORDERED** that plaintiff shall respond to defendant's motion for judgment on the pleadings on or before January 24, 2014. If plaintiff fails to file a timely response, the Court will consider defendant's motion without the benefit of plaintiff's response.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of January, 2014.