# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DOUGLAS LAMAR FORD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DELTA AIR LINES, INC., )<br>)<br>Defendant. ) | No. 4:13-CV-1058 CAS |

## MEMORANDUM AND ORDER

This administratively closed matter is before the Court on the Motion to Reopen and Substitute A. Thomas DeWoskin, Trustee for the Chapter 7 Estate of Douglas Ford, as Real Party in Interest. The motion states that the Trustee, by and through his attorneys, has reached an agreement with counsel for defendant on the terms of a settlement. The motion states further that if the Court grants the motion to reopen and substitute A. Thomas DeWoskin, Trustee, as the real party in interest, the case will thereafter be settled and voluntarily dismissed with prejudice by the Trustee. The motion further states that under federal bankruptcy law, Mr. DeWoskin is the real party in interest for plaintiff Douglas Lamar Ford and seeks his substitution as party plaintiff in his place.

Defendant does not object to the motion. For the reasons stated in the motion, the motion will be granted.

Under federal bankruptcy law, "all legal or equitable interests of the debtor in property as of the commencement of the case" become part of the bankruptcy "estate." 11 U.S.C. § 541(a)(1); In re Ozark Rest. Equip. Co., Inc. (Mixon v. Anderson), 816 F.2d 1222, 1224-25 (8th Cir. 1987). The debtor must list all legal or equitable interests in property on a schedule of assets and liabilities.

11 U.S.C. § 521(a)(1)(B)(I).  "Causes of action are interests in property and are therefore included in the [bankruptcy] estate[.]"  In re Senior Cottages of Am., LLC (Moratzka v. Morris), 482 F.3d 997, 1001 (8th Cir. 2007).  This includes "all causes of action that the debtor could have brought at the time of the bankruptcy petition."  United States ex rel. Gebert v. Transport Admin. Servs., 260 F.3d 909, 913 (8th Cir. 2001).  "[A]fter appointment of a trustee, a Chapter 7 debtor no longer has standing to pursue a cause of action which existed at the time the Chapter 7 petition was filed.  Only the trustee, as representative of the estate, has the authority to prosecute and/or settle such causes of action."  Harris v. St. Louis Univ., 114 B. R. 647, 648 (E.D. Mo. 1990) (quoted case omitted); see also In re Senior Cottages, 482 F.3d at 1001 (bankruptcy trustee has standing to assert causes of action that belonged to the debtor at the time of filing bankruptcy).

The actions that gave rise to this case occurred before plaintiff Douglas Ford filed for bankruptcy protection.  The trustee of Mr. Ford's bankruptcy estate was the real party in interest and had exclusive standing to assert the claims against Delta Air Lines, Inc.  See Martin v. U.S. Bank, 2005 WL 3107722, at *5 (E.D. Mo. Nov. 18, 2005).  As a result, Mr. DeWoskin as the Trustee of Mr. Ford's bankruptcy estate is the real party in interest in this case instead of plaintiff Ford, and the unopposed motion to reopen the case and substitute him as plaintiff will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that A. Thomas DeWoskin's, as Trustee for the Chapter 7 Estate of Douglas Ford, Motion to Reopen the Case and to Substitute Party is **GRANTED**.  [Doc. 28]

**IT IS FURTHER ORDERED** that A. Thomas DeWoskin, as Trustee of the bankruptcy estate of Douglas Ford, is substituted as the real party in interest in this case for plaintiff Douglas Ford.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall amend the caption and short caption of this case to read as follows:

<u>A. Thomas DeWoskin, Trustee of In Re: Douglas Ford, plaintiff, v. Delta Air Lines, Inc., defendant</u>.

**IT IS FURTHER ORDERED** that the parties shall use the amended case caption on all future filings.

 

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>2nd</u> day of May, 2014.